IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MOLLY MENG,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NO. 3:17-cv-77** |
| v. § | |
| § | **JURY TRIAL DEMAND** |
| **STEPHEN NYE, INDIVIDUALLY,** § | |
| **AND DLS GLOBAL, LLC,** § | |
| § | |
| **Defendants.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONOROABLE UNITED STATES DISTRICT COURT:

COMES NOW PLAINTIFF Molly Meng ("Plaintiff") complaining of Defendants Stephen Nye ("Nye") and DLS Global, LLC ("DLS Global") (collectively, "Defendants") and files this Plaintiff's Original Complaint ("Complaint") and in support thereof would respectfully show the Court as follows:

### PARTIES

1. Molly Meng is suing in her individual capacity. Plaintiff is a resident of Farmers Branch, TX.

2. Defendant Stephen Nye is being sued in his individual capacity. Upon information and belief, he can be served at his last known residential address of 1897 Hickory Trace Dr., Orange Park, FL 32003 or his business address of 1835 East West Parkway, Ste. 9, Fleming Island, FL 32003.

3. DLS Global, LLC is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business located at 1835 East West

Parkway, Ste. 9, Fleming Island, FL 32003. Upon information and belief, DLS Global, LLC can be served through its Registered Agent, Stephen Nye, at its principal place of business address.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

5. This court has both general and specific personal jurisdiction over Defendant as the subject matter of this Complaint was performed in this forum, and Defendant maintains persistent and systematic contacts with the forum state.

6. Venue is proper in this district under 28 U.S.C. § 1391 (c) based upon Plaintiff being a resident in this judicial district and the alleged harm and breaches occurred in this judicial district.

7. Venue is proper in Dallas County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because Dallas County is the county in which all or a substantial part of events or omission giving rise to the claim occurred.

## FACTUAL BACKGROUND

8. Plaintiff and Defendant DLS Global entered into the Revenue Based Investment Agreement ("Agreement") on December 13, 2013. Attached hereto as Exhibit A.

9. On or around February 15, 2014, Defendant Nye provided an account at BBVA Compass bank ("BBVA account") to comply with DLS Global's payments under the Agreement.

10. On or around April 17, 2014, Defendant Nye send Plaintiff an email showing the BBVA account to have a balance of approximately $3,100.

11. On or around April 30, 2014, Defendant Nye solicited from Plaintiff an additional "investment opportunity" for "Data Lock Solutions. An email reflecting this exchange is attached as Exhibit B. Plaintiff subsequently declined.

12. In June 2014, Plaintiff asked Defendants for an update and received a response that sales were slow but that a sale of $10,000 in Wisconsin had taken place. When Plaintiff requested financial reports, Defendant Nye replied "Yes. Of Course." Emails reflecting this exchange is attached as Exhibit C. However, as of the date of this Complaint, Plaintiff has yet to receive a single financial report from Defendants.

13. On December 6, 2014, Plaintiff again requested a status update. Defendant Nye did not respond to the request for a status update, and merely said "Merry Christmas" on December 16, 2014

14. On or around April 17, 2015, Plaintiff again requested a status report and financial reports. Defendants responded on May 4, 2015 stating that it completed an $8,000 sale and that proceeds under the Agreement would be deposited in the BBVA Account. *See* Exhibits D-E. As of the date of this Complaint, Defendants have neither deposited any additional proceeds under the Agreement in the BBVA Account nor provided any financial reports.

15. On or around March 9, 2016, Plaintiff again requested a status update since no payments were deposited in the BBVA Account. Defendant Nye replied on March 10, 2016 that he was competing for two sales that would allow him to meet the Agreement. Plaintiff subsequently asked for the deposits related to the prior sales. As of March 10, 2016, Defendants have not responded to Plaintiff.

16. In addition to the numerous email exchanges asking for status updates and financial reports, Plaintiff has also had a number of phone conversations with Defendant Nye regarding the

status of deposits and financial reports. On all the phone conversations, Defendant Nye failed to provide responsive answers to the inquiries.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

17. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

18. The Agreement executed by Plaintiff and DLS Global, LLC is a valid and enforceable contract supported by valid consideration.

19. Plaintiff has fully performed her contractual obligations with DLS Global, LLC under the Agreement.

20. Defendant DLS Global, LLC has breached its obligations under the Agreement by failing to fully compensate Plaintiff as per the terms of the Agreement.

21. Plaintiff's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief.

22. Plaintiff brings this claim against Defendant DLS Global, LLC.

### COUNT II
### (Fraud)

23. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

24. Pleading further and in the alternative, Defendant Stephen Nye made false and fraudulent representations to Plaintiff.

25. Defendant Stephen Nye's representations were false and material.

26. As described above, Defendant Nye provided numerous representations that sales were completed and that financial reports would be provided. However, Defendant Nye did not

make any deposits under the Agreement to the BBVA Account other than the initial account opening deposit. Additionally, Defendant Nye failed to provide any financial reports when requested by Plaintiff despite agreeing and stating "Yes, Of course."

27. Defendant Stephen Nye was aware of the falsity of the representations and understood them to be false at the time the representations were made.

28. Defendant Stephen Nye had reasons to expect Plaintiff would act in reliance on the misrepresentations made by Defendant.

29. Plaintiff justifiably relied on Defendant Stephen Nye's false promises.

30. Defendant Stephen Nye's fraudulent misrepresentations have caused Plaintiff actual and consequential damages for which Plaintiff now sues.

## COUNT III
### (Theft Liability Act Violation)

31. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

32. Plaintiff had a possessory right to property, namely the owed investment funds by Defendant DLS Global, LLC.

33. Defendant failed to deliver the owed funds, causing Plaintiff to be out of the investment funds.

34. Defendant DLS Global, LLC failed to return the money owed, thus unlawfully keeping the money with the intent to deprive Plaintiff.

35. Defendant DLS Global, LLC's breach of contract has caused Plaintiff total damages of over $150,000 for which Plaintiff now sues.

## COUNT IV
### (Unjust Enrichment/Quantum Meruit)

36. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

37. Pleading further and in the alternative, Plaintiff seeks recovery from Defendants under the doctrines of quantum meriut and unjust enrichment.

38. Defendants sought, received and accepted services from Plaintiff. Namely, Defendants received an investment service from Plaintiff for an investment totaling $75,000 which plaintiff is entitled to at least $150,000 back per the Agreement.

39. Defendants had reasonable notice that Plaintiff expected to a receipt of payment of money owed. Specifically, Defendants had notice via the Agreement.

40. Defendants will be unjustly enriched if allowed to retain the benefit of Plaintiff's investment services without fulfilling payment or reimbursing the Plaintiff for money owed.

41. Defendants' acceptance of investment services from Plaintiff and failure to pay Plaintiff money owed to which Plaintiff is entitled has caused Plaintiff actual and consequential damages in the total amount of $150,000 for which Plaintiff now sues.

## EXEMPLARY DAMAGES

42. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

43. The conduct of Defendants described herein was knowing, willful, malicious, and/or intentional, and thus Plaintiff is entitled to, and herby sues for, exemplary damages in an amount to be determined by the tier-of-fact.

## CONDITIONS PRECEDENT

44. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

45. Plaintiff pleads that all of the conditions precedent to recovery have been performed or have occurred.

## ATTORNEYS' FEES

46. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

47. Because of the conduct described herein, Plaintiff has retained Ni, Wang & Massand, PLLC law firm to represent it in this action. Plaintiff has agreed and has become obligated to pay the reasonable and necessary fees and expenses of Ni, Wang & Massand, PLLC.

48. As provided by Chapter 38 of the TEX. CIV. PRAC. & REM. CODE and the laws of the State of Texas, Plaintiff is entitled to recover its reasonable attorney's fees and litigation expenses incurred in connection with this action from Defendants, as well as costs of court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff;
2. Actual damages;
3. Consequential damages;
4. Exemplary and/or statutory damages;
5. Pre-judgment interest to the extent permitted by law;
6. Post-judgment interest at the maximum rate allowed by law;
7. Attorneys' fees;
8. All costs of court;
9. Such relief, both at law or in equity, to which Plaintiff may justly be entitled.

DATED January 9, 2017.                    Respectfully submitted,

By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF
MOLLY MENG**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Hao Ni*
Hao Ni